IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17-07343 MCF |
| JOSE ENRIQUE SANTANA RAMOS | CHAPTER 13 |
| DEBTOR | |
| | |
| JOSE ENRIQUE SANTANA RAMOS | ADV. PROC. NO. 18-00064 MCF |
| PLAINTIFF | |
| V. | |
| SCOTIABANK DE PUERTO RICO; *et. al.* | |
| DEFENDANT(S) | |

## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COME NOW, **JOSE ENRIQUE SANTANA RAMOS,** the Plaintiff/Debtor in the above captioned case, through his undersigned attorney, very respectfully states and prays as follows:

## I. Introduction

1. On May 29, 2018, the Plaintiff/Debtor filed a *Complaint* (Docket No. 1) under Rule 7001(2) of the Federal Rules of Bankruptcy Procedure, to determine the validity of a mortgage lien on the Plaintiff's residential real property held by Defendant Scotiabank de Puerto Rico ("Scotiabank"), requesting the Court to declare that Scotiabank's claim is an unsecured claim, in the above captioned adversary proceeding.

2

2. On May 08, 2019, the Parties hereto appeared at a Pre Trial Conference hearing and the Court were granted 21 days to file a Joint Stipulation or motion for summary judgments, within 21 days, allowing 14 days for oppositions. *ORDER*, Docket No. 35, in the above captioned adversary proceeding.

3. The Parties did not reach an agreement and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure adopted by reference by Rule 7056 of the Federal Rules of Bankruptcy Procedure the Plaintiff/Debtor moves the Court for Summary Judgment requesting the Court to grant the present Complaint, in the above captioned proceeding.

## II. Plaintiff's Statement of Material Uncontested Facts

4. On June 30, 2011, Plaintiff acquired a 50% property interest in a real property located at Vistalago Development 86 Gurabo Puerto Rico, Puerto Rico (hereinafter "the Property"). The other 50% property interest was acquired by Debtor's ex-consensual spouse Ianthe Yari Nazario-Rosario (hereinafter "Nazario-Rosario").

5. The aforementioned property is described, in the Spanish language, as follows:

> "URBANA: Solar marcado con el numero 86 en el Plan de inscripción de la Urbanización Vistalago en el termino Municipal de Gurabo, Puerto Rico, con un área superficial de 860.23 metros cuadrados. En lindes por el NORTE: en 28.94 metros con el solar #87; SUR: en 34.046 metros con la calle Colectora; ESTE: en 15.333 metros con la calle #3 y por el OESTE: en 39.831 metros con los solares #83, #84 y #85 de la Urbanización. Enclava casa de vivienda para una familia y marquesina con capacidad para dos autos. Este solar esta afecta a una servidumbre a favor de la compañía Telefónica, en toda su colindancia Este con la calle #3 con un ancho de 1.52 metros."

6. On June 30, 2011, the Plaintiff/Debtor and Nazario-Rosario ("Purchasers") and Vistalago, Inc. ("Seller"), executed a Purchase Deed ("*Escritura de Compraventa*") Number 197, before Notary Public Elyvette Fuentes Bonilla, whereby the purchasers acquired each a 50% property interest in the Property.

3

7. On June 30, 2011, Plaintiff and Nazario-Rosario executed a *Mortgage Note* (*"Pagare Hipotecario"*) in the sum of $384,300.00 in favor of Defendant Scotiabank.

8. The aforementioned $384,300 mortgage note was to be guaranteed with a mortgage deed No. 198 entitled in the Spanish language *Escritura de Hipoteca*, executed on June 30, 2011, before Notary Public Elyvette Fuentes Bonilla.

9. That on July 28, 2011, both the aforementioned *Purchase Deed* No. 197 and the *Mortgage Deed* No. 198 were presented ("*presentada*") at the Puerto Rico Property Registry, at *Asiento* 1181, *Diario* 658 (Purchase Deed 197) and at *Asiento* 1182, *Diario* 658 (Mortgage Deed 198).

10. As of the date of the filing of the present *Complaint*, the Property Registry's records/books reflect that since July 28, 2011, the *Mortgage Deed* Number 198 is pending registration at the Property Registry of Puerto Rico.

11. That Plaintiff/Debtor and Nazario-Rosario defaulted on the loan payments pursuant to the terms of the aforementioned *Mortgage Note*, and on December 02, 2014, Scotiabank filed a foreclosure proceeding at the Puerto Rico First Instance Court Caguas Superior, *Scotiabank de Puerto Rico v. Ianthe Yari Nazario Rosario, et als*, Civil Case No. ECD2014-1385.

12. That the aforementioned 2014 foreclosure case was dismissed, without prejudice, and on April 25, 2016, Scotiabank filed a second foreclosure case at the Puerto Rico First Instance Court Caguas Superior, *Scotiabank de Puerto Rico v. Ianthe Yari Nazario Rosario ,et als*, Civil Case No. ECD2016-0483, which case was stayed due to the filing of the Plaintiff's/Debtor's above captioned bankruptcy petition.

4

13. That on December 18, 2017, the herein Plaintiff/Debtor filed the above captioned bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. 701 *et seq.*

14. That the aforementioned Chapter 7 case was converted to a case under Chapter 13 and on April 25, 2018, and an Order for relief under Chapter 13 was entered by the Court in the above captioned case.

15. That on February 07, 2018, Scotiabank filed a secured claim number 1-1, (POC #1-1), whereby it claims a secured classification based on an unperfected mortgage lien over the Property.

16. On March 23, 2018, the Plaintiff/Debtor contracted the services of a title investigator, Mr. Angel Urbina, in order to investigate the status of Scotiabank's deed Number 198 at the Puerto Rico Property Registry.

17. Mr. Urbina's investigation of the records/books of the Property Registry concerning the Property reveals that the aforestated *Mortgage Deed* No. 198 has not been duly recorded since its collateral, the Property or lot number 86, has not been segregated and the same does not exist as a separate property ("finca") at the Property Registry of Puerto Rico.

18. The Property Registry records/books also reveal that the Property Registrar is unable to segregate the Property of lot number 86 due to missing complimentary documents including a segregation plan ("plano de segregación") and certain "Governmental resolution(s)" authorizing the segregation of said lot number 86, specifically, the following complimentary documents are missing or do not exist:

> ---a segregation plan and fees ("plano de segregacion") pertaining to lot 86;
>
> ---a Government Resolution approving said segregation plan ("plano de

5

segregacion");

---an endorsement from the Gurabo Municipality;

---a Gurabo Municipality Ordinance authorizing the Gurabo Mayor to appear on behalf of said Municipality to accept the transferred public use of real property; and

---a transfer deed duly executed between the original owner and the Gurabo Municipality.

19. As of the date of the present motion for summary judgment, the Property or lot number 86 is still part of the Seller's (Vistalago, Inc.) real property *Finca* Number 8233, which is part of the principal real property number 19020, created by joining ("agrupación") the real properties ("fincas") numbers 8233, 1373, 1696 and 2371, at the Property Registry of Puerto Rico Caguas/Gurabo Section of the Registry.

20. Since the aforestated complimentary documents are either missing and/or inexistent since the same were never executed and/or submitted to the Property Registry, the Property Registrar is unable to proceed with the segregation of the Property (lot 86) in order to register the Defendant's *Mortgage Deed* Number 198.

21. On May 29, 2018, the Plaintiff/Debtor filed a *Complaint* under Rule 7001(a) FRBP, against Defendant Scotiabank, Adversary Proceeding No.18-00064 MCF, requesting the Court to determine that Scotiabank does not hold a mortgage lien on the Plaintiff's residential real property (Lot 86) or the Property. See: *Complaint*, Docket No. 01, Adv. No. 18-00064.

6

## III. Plaintiffs' Arguments and Legal Grounds

### A. A motion for summary judgment is governed by Rule 7056 FRBP which makes Rule 56 applicable to adversary proceedings

22. Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 56 of the Federal Rules of Civil Procedure (F.R.Civ.P.) applies in adversary proceedings.

23. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, *In re Colarusso*, 382 F.3d 51 (1st Cir. 2004), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

24. "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, *Federal Practice and Procedure*, 3d, Vol 10A, § 2712 at 198. "

25. The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. *Adickes v. Kress & Co.*, 398 U.S. 144, 157 (1970).

26. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the moving party. *Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 818 (1st Cir. 1980).

7

27. The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. *Lopez v. Corporacion Azucarera de Puerto* Rico, 938 F.2d 1510, 1517 (1st Cir. 1991). The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. *Adickes*, 398 U.S. at 159.

**B. The inexistence of lot number 86 does not allow Scotiabank to base its secured classification on its invalid filing/presentation at the Property Registry.**

28. There are several decisions in cases stemming from the Bankruptcy Court for the District of Puerto Rico, which have entertained similar issues to the issues before the Court in the present case. See: *Oliveras v. Banco Popular de Puerto Rico (In re Casanova)* 2018 Bankr. LEXIS 4009; *EMI Equity Mortgage v. Valdes-Morales*, 315 F. Supp. 694 (D. Puerto Rico 2018); *Ortega Ramos v. Banco Popular de Puerto Rico, Opinion and Order*, Adv. No. 17-00092 (BKT) (May 8, 2018); *Mendez Garcia v. Rushmore Loan Management Services, Opinion and Order*, Case No. 17-2345 (ADC) September 28, 2018, U.S. District Court, D. Puerto Rico; *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32, 35 (D. Puerto Rico 2017); *In re Perez Mujica, Opinion and Order*, dated September 9, 2013 Case No. 12-1413 (DRD) Bankruptcy Case No. 09-07655 (ESL), Adv. No. 10-00024 (D. Puerto Rico); *Ramos v. Banco Popular de Puerto Rico*, 493 B.R. 355 (D. Puerto Rico 2013); *Ortega Rodriguez v. Doral Bank, Opinion and Order*, dated October 19, 2012, Case No. 11-09482 ESL Adv. No. 12-00003, D. Puerto Rico; *Hiraldo v. Banco Popular de Puerto Rico*, 471 B.R. 676 (D. Puerto Rico 2012); *Alvarado v. RG Premier Bank*, 463 B.R. 200 (D. Puerto Rico 2011).

8

29. The issues presented in the case at bar are to be distinguished from other cases were the Bankruptcy Court has entertained similar issues concerning whether or not a creditor has a perfected security on a real property given as collateral to a mortgage loan.

30. The issue herein presented may be distinguished from the above cited cases in that in these cases/decisions, the property ("finca") given as collateral does exists as a separate property ("finca") at the Property Registry and the issues presented stem from defects that do not allow recordation or registration of a mortgage which was filed ("presented") against said property ("finca"). This is not the situation in the present case.

31. The situation herein presented is clear: lot 86 or the Property does not exist as a separate property ("finca") at the Property Registry of Puerto Rico, it did not exist prior to June 28, 2011 and pursuant to the Property Registry books/records it does not exist today.

32. Therefore, if a collateral given to a loan does not exist since the same (lot 86) is still forming part of the original property ("finca matriz") is it possible to have a valid filing ("presentacion") against a non-existing property/collateral?

33. The *crux* to the issues presented in the case at bar lie on the answer to this legal question.

34. The Plaintiffs' position is that the filing or "presentacion" of Defendant's mortgage deed number 198 is invalid, and cannot give any rights to the Defendant since as of the date of filing the present *Complaint*, Scotiabank's mortgage deed was invalidly filed ("presentada") against another property ("finca") since Scotiabank's collateral/the property does not exist as a separate property at the Property Registry.

35. As previously stated, it is an undisputed fact that the Property or lot number 86 is still part of the Seller's (Vistalago, Inc.) real property *Finca* Number 8233 Gurabo/Caguas

9

Section of the Puerto Rico Property Registry.

36. Therefore, the fact that the Property/lot 86 does not exist as a separate property ("finca") results in that mortgage deed 198 has a defective filing ("presentacion"), therefore, the same is invalid. Furthermore, since a mortgage is constitutive and created at the date of its registration, Scotiabank holds no mortgage or perfected guarantee on its claim.

### C. The inapplicability of both Article 19 and the *prior tempore potior iure* principle to the facts of the present case.

37. In its *Answer to Complaint*, Docket No. 28, Defendant states that the *Complaint* should be dismissed since its mortgage deed 198 was filed or presented at the Property Registry, that said mortgage deed 198 has not been notified with defect by the Registrar of the Property, that secured claims are not discharged in bankruptcy, and that the Plaintiff has not set forth the alleged defect which purportedly prevents the recordation of mortgage deed 198. See: *Answer to Complaint*, Docket No. 28.

38. That basically, the Defendant's aforestated reasoning is grounded on a "presumption" that a document (mortgage deed) presented at the Property Registry will presumably be recorded.

39. That the Defendant's above stated reasoning is based on a defective "presumption" since the facts surrounding the Defendant's mortgage deed 198 demonstrate that said mortgage is not valid. If a "presumption" is to be used to solve the present issue before the Court the same should be based on the factual situation at the Property Registry concerning lot 86 which facts anticipate that the Defendant's mortgage will not be recorded.

40. In the present adversary, the facts reveal that lot 86 has not been segregated, that as a result of an investigation at the Property Registry the segregation deed for lot 86 cannot

10

be recorded, and that since lot 86 does not exists, the Defendant's filing ("presentacion") of its mortgage deed 198 is invalid and, thus, its mortgage is also invalid since the same is not recorded and also will not be recorded, which recordation in the Property Registry is essential to the validity of a mortgage. Therefore, Defendant cannot be construed as a mortgage holder. See: *Pino Development Corp. v. Registrador*, 133 D.P.R. 373, 386 (1993).

41. Attached as Exhibit "1" to the present Reply, is an unsworn declaration under penalty of perjury executed by Mr. Angel Urbina which states that pursuant to his findings after conducting a title investigation of the Property, the Defendant's mortgage deed number 198 has not been recorded, and furthermore, the same cannot and will not be recorded at the Property Registry.

42. Therefore, the application of both Article 19 and the *prior tempore potior iure* principle do not apply to the issues before the Court in the present case. The facts surrounding the Defendant's mortgage deed 198 do not allow recordation of this deed, thus, the Defendant does not have a mortgage lien on the Property.

### D. The "constitutive" requirement for a mortgage to be valid.

43. In Puerto Rico, the requisites, nature and effect of mortgages are set forth in the Commonwealth's Civil Code and mortgage law. *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 118 (1st Cir. 2011).

44. Under Puerto Rico Law, every mortgage must satisfy three essential requisites in order to be validly constituted: (i) secure the fulfillment of a principal obligation; (ii) be stipulated in a deed and; (iii) it shall be recorded at the Registry of the Property. *Puerto Rico's Real Estate Registry Act of 2015*, 30 L.P.R.A. Section 6084.

11

45. The Puerto Rico Civil Code also establishes the "constitutive effect of recordation" applicable to mortgages, by requiring that the mortgage deed be recorded at the Registry for the mortgage to be properly constituted and valid. Civil Code of Puerto Rico, 31 L.P.R.A. Section 5042.

46. "Without the recording, 'a creditor only has an unsecured personal obligation regarding the underlying debt'. *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 121 (1st Cir. 2011); see also: *Roig Commercial Bank v. Dueño*, 617 F. Supp. 913, 915 (D.P.R. 1985) (failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker.')". *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32, (U.S. Bankruptcy Court DPR 2017).

### E. The case of *Ortega Ramos v. Banco Popular de Puerto Rico*

47. In the case of *Ortega Ramos v. Banco Popular de Puerto Rico*, *Opinion and Order*, Adv. No. 17-00092 (BKT) (May 8, 2018), the Bank's mortgage deed had been recorded under the Law No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry*.

48. In its *Opinion and Order* in the *Ortega-Ramos* case, *supra*, the Honorable Bankruptcy Judge Brian K. Tester resolved that although the Bank's mortgage deed had been presented and recorded, there was a material fact creating a defect in the recordation which prevented the Bank from having a valid recordation of said mortgage deed.

49. In the *Ortega-Ramos* case, *supra*, the Court held that "...BPPR's Mortgage Deed was not properly recorded pursuant to Puerto Rico Mortgage Law, and therefore, Defendant does not hold a secured claim". *Opinion and Order*, Adv. No. 17-00092, at page 9.

12

50. The *Ortega Ramos*, supra, decision is illustrative and applicable to the situation presented in the present case since the Court considered the facts surrounding the recordation of the Bank's deed and concluded that said facts evidenced a recordation defect that clearly invalidated the recordation of the Bank's mortgage deed.

51. In the present case, the facts surrounding the presentation of the Defendant's deed number 198 create defects which are of such nature that the same render the filing ("presentacion") of deed number 198 invalid, and results in that mortgage deed 198 is not, as of the date of the filing of the present *Complaint*, not recorded.

**F. The Defendant's duty to procure recordation of its mortgage deed.**

52. Up to the year 2008, Puerto Rico benefitted from an unprecedented volume of construction of new houses in new developments. This high volume of transactions created a delay at the Property Registry of Puerto Rico for the handling of filed/presented documents.

53. In order to attend to this situation at the Property Registry, in the year 2010, Law No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry* came into effect which allowed the Property Registry to automatically register pending documents before the Registry. However, the new law did not apply to segregations for new house developments and other exceptions.

54. "The enumerated exceptions are: documents concerning partitions of properties; ...". *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32, 35 (D. Puerto Rico 2017).

55. "The delay in the recordation process impedes the mortgage 'loans from having actual guarantees, which renders access to capital and consequently, economic growth more

13

difficult'. Law 216 Statement of Motives, 2010 P.R. Laws No. 216 at 2; *Sanchez Diaz v. Estado Libre Asociado de Puerto Rico*, 181 D.P.R. 826-827 (2011). The delay also 'jeopardizes the legal process regarding real property and impairs the rights of citizens.' Law 216's Statement of Motives. As a result of this situation, Law 216 passed as a temporary measure." *Ramos v. Banco Popular de Puerto Rico*, 493 B.R. 355, 367 (D. Puerto Rico 2013).

56. In another attempt to solve the situation stemming from the Puerto Rico Registry, in the year 2015, the Puerto Rico Legislature enacted Act 210-2015.

57. One of the purposes of the enactment of Law 210-2015 was to solve the volume of pending registrations at the Property Registry, specially Act 210-2015 was enacted to solve the situation concerning many pending mortgage deeds, which mortgages could not be recorded due to certain defects that could not be corrected. Comments from the Honorable Judge Mayra Huergo Cardoso, CLE Seminar on the New Mortgage Law of Puerto Rico, Act 210-2015, July 12, 2017 (EDUJUR).

58. That prior to enacting Law 210-2015, certain banks operating in Puerto Rico met with some of the Property Registrars and legislators that were working on the Puerto Rico Mortgage Law amendments and a solution to the situation affecting the recordation of mortgages was proposed and incorporated into Act 210-2015: the new law would eliminate some of the required government resolution(s) and certain complimentary documents requirements to allow the banks to withdraw all pending unrecorded mortgage deeds (those that could not be corrected) and file/present the same again to the Registry under the new law (210-2015), allowing the Property Registrars to proceed with their (the mortgages) registrations. Comments by the Honorable Judge Mayra Huergo Cardoso, CLE Seminar on

14

the New Mortgage Law of Puerto Rico, Act 210-2015, July 12, 2017 (EDUJUR).

59. In the present case, the Defendant knew or should have known that its mortgage deed has not and cannot be recorded. The Defendant litigated the related pre-petition mortgage foreclosure at the State Court level up to the Puerto Rico Supreme Court and knew or should have known of the defects and situation surrounding its mortgage number 198 lack of recordation.

60. Therefore, the lack of recordation of mortgage deed number 198 for more than seven years cannot be attributable to a record "...devoid of any suggestion that the documents were defective in any manner or that Banco Popular bears any responsibility for the lengthy delay." *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 122 (1st Cir. 2011).

61. Law 210-2015 provides a solution to the situation concerning the Defendant's mortgage and the recordation of its mortgage deed number 198, thus, should the Defendant taken all the necessary steps in its power to effectuate due recording of its mortgage deed number 198, it is reasonable to state that its mortgage deed number 198 would have been recorded prior to the date of this *Complaint*. The fact is that Defendant's deed number 198 has an invalid filing ("presentacion"), deed number 198 is not recorded, thus, its mortgage has not been created/perfected at the Property Registry.

### V. Conclusion and prayer for relief

62. In the present case, the facts surrounding the presentation at the Property Registry of Defendant's mortgage deed number 198 are to be taken into consideration by the Court to determine whether or not the Defendant holds a mortgage lien encumbering the Property (lot 86).

15

63. The situation which this case presents to the Court based on the factual evidence surrounding the Defendant's presentation of its mortgage deed 198 at the Registry, denies the Defendant's allegations that said presentation, without recordation, is sufficient to hold that it has a valid lien on the property (lot 86).

64. Plaintiff is entitled to Summary Judgment as a matter of law because there is no genuine controversy as to the material facts of the case and the applicable law and jurisprudence.

**WHEREFORE**, Plaintiff/Debtor Jose Enrique Santana Ramos respectfully requests this Honorable Court to enter judgment granting the foregoing motion for summary judgment, in the above captioned adversary proceeding.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of the Court using the CM/ECF filing system which will send notice of same to: the Chapter 13 Trustee, Alejandro Oliveras Rivera, Esq., Juan A. Cuyar Cobb, Esq., *Fernandez, Collins Cuyar & Pla*, Counsel for Defendant Scotiabank de Puerto Rico; I also certify that a copy of this motion was sent via US Mail to the Plaintiff: Jose E Santana Ramos, HC 33 Box 3389 Dorado PR 00646.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 11th day of June, 2019.

*/s/ROBERTO FIGUEROA CARRASQUILLO*
**USDC # 203614**
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
**ATTORNEY FOR the PLAINTIFF/DEBTOR**
**JOSE ENRIQUE SANTANA RAMOS**
**PO BOX 186 CAGUAS PR 00726**
**TEL. 787-744-7699; 787-963-7699 FAX 787-746-5294**
**EMAIL: rfigueroa@rfclawpr.com**

Exhibit "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 17-07343 MCF |
| JOSE ENRIQUE SANTANA RAMOS | CHAPTER 13 |
| DEBTOR | |
| | |
| JOSE ENRIQUE SANTANA RAMOS | |
| PLAINTIFF | ADV. PROC. NO. 18-00064 MCF |
| V. | |
| SCOTIABANK DE PUERTO RICO; *et al.* | |
| DEFENDANT(S) | |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, **ANGEL URBINA,** of legal age, single, and resident of Guaynabo, Puerto Rico, declare, under penalty of perjury, as follows:

1. That on March 23, 2018, I prepared a report on my observations and findings upon an investigation conducted at the Property Registry of Puerto Rico Gurabo Section, concerning lot number 86 of Vista Lago Development Gurabo, Puerto Rico, and as requested by Jose Enrique Santana Ramos.

2. That as a result of my investigation of lot 86, I found that the mortgage deed number 198, presented on July 28, 2011 at "asiento" 1182 of diary 658, has not been and will not be recorded due to the fact that lot number 86 has not been segregated from its original property ("finca").

3. That it is my opinion that the reason lot 86 has not been segregated is that there is a legal impediment that does not allow the Property Registrar to authorize the

**Page -2-**
**Unsworn declaration**
**Adv. No. 18-00064 MCF13**

segregation of lot number 86. Specifically, the situation with the segregation of lot number 86 consists in that certain complementary documents which are required by law do not exist and/or were not submitted to the Puerto Rico Property Registry. The complimentary documents are:

---a segregation plan and fees ("plano de segregación");

---a Government Resolution approving said segregation plan ("plano de segregación");

----a Municipality endorsement,

---a Municipality Ordinance to authorize the Gurabo Mayor to appear on behalf of the Municipality to accept the transferred public use property; and

---a transfer deed duly executed between the original owner and the Municipality.

4. I certify that although this declaration is submitted in the English language, the same has been translated to me before signing and executing the same.

5. The foregoing declaration is submitted under penalty of perjury and I declare that the same is true and correct to the best of my information and belief.

In Caguas, Puerto Rico this 5th day of June, 2019.


*/s/Angel Urbina*

ANGEL URBINA
ANALISTA INTERAGENCIAL
787-486-2733